<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| EDWARD W. PRICE, VERONICA PRICE, TERESA G. AMBROSE, JOHN K. BALTZ, MICHAEL CLAY, STEPHANIE FALDETTA, ANDREW LEE, JAMES J. LUSHOK, JR., JAMES McCLORY, LISA PASTORE, DAVID SMITH, MARGARET WESCOTT, and MICHAEL YOUNG, <br><br> Plaintiffs, <br><br> v. <br><br> GOVERNOR JON S. CORZINE, individually and as GOVERNOR OF THE STATE OF NEW JERSEY, STATE OF NEW JERSEY, NEW JERSEY STATE ETHICS COMMISSION, and RITA L. STRMENSKY, individually and as EXECUTIVE DIRECTOR OF THE STATE ETHICS COMMISSION, <br><br> Defendants. | Civ. No. 06-1520 (GEB) <br><br><br> **MEMORANDUM OPINION** |

**<u>BROWN, Chief Judge</u>**

     This matter comes before the Court upon Defendants' motion to dismiss. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331. The Court, having considered the parties' submissions and decided the matter without oral argument pursuant to Federal Rules of Civil Procedure Rule 78, and for the reasons set forth below, will grant Defendants' motion to dismiss.

**I.    BACKGROUND**

     The Court provided a detailed background to this case in its denial of Plaintiffs' motion for a preliminary injunction. *Price v. Corzine*, 2006 WL 1080491, at *1-2 (D.N.J. April 20, 2006). The Court provided further background in its decision concerning Defendants' first

motion to dismiss. *Price v. Corzine*, 2006 WL 2252208, at *1-2 (D.N.J. August 7, 2006). Rather than describe the background of this case at length again, the Court will briefly summarize the relevant facts of this case.

Plaintiffs are employees of the New Jersey Casino Control Commission ("CCC") or spouses of such employees. (Am. Compl. ¶ 4.) Pursuant to the Casino Control Act, Plaintiffs must file a Financial Disclosure Statement ("FDS") each year with the New Jersey State Ethics Commission ("Ethics Commission"). N.J. Stat. Ann. 5:12-58(e). The FDSs require employees to provide information concerning "all assets and liabilities, property and business interests, and sources of income of said employee or agent and his spouse." *Id.* According to Plaintiffs, "[t]he FDSs remained in possession of the [] Ethics Commission, and/or the CCC, although they are accessible to the public." (Am. Compl. ¶ 5.)

New Jersey's Conflicts of Interest Law was recently amended to require the posting of the FDSs on the Internet. It provides that "[f]inancial disclosure statements required to be submitted to the [Ethics Commission] by law, regulation or executive order shall be made available to the public, promptly after receipt, on the Internet site of the [Ethics Commission], commencing with submissions for 2005." N.J. Stat. Ann. 52:13D-21(n). To advance the purposes of the amendment, Governor Corzine issued an executive order referencing that section of the law requiring the online publication of FDSs. (Am. Compl. ¶ 8.) Pursuant to the new online publication rule and Governor Corzine's executive order, the Ethics Commission began posting FDS information on its website in the form of a searchable database. (*See id.* ¶ 10.) The present action challenges the online publication of the FDS information.

On May 16, 2006, Defendants filed a motion to dismiss the Complaint. On August 7, 2006, the Court granted Defendants' motion. The Court dismissed with prejudice Plaintiffs' freedom of association claims and deprivation of property right claims. The Court dismissed without prejudice Plaintiffs' privacy claims, and granted Plaintiffs thirty days to amend the Complaint.

On September 7, 2006, Plaintiffs filed the Amended Complaint, which contains additional allegations concerning the online publication of Plaintiffs' FDS information. On November 8, 2006, Defendants filed the present motion to dismiss. Plaintiffs have not filed any papers in opposition to Defendants' motion. The briefing deadlines have passed, and the Court will now address Defendants' present motion to dismiss.

## II. DISCUSSION

### A. Standard of Review for Motions to Dismiss

In considering a Rule 12(b)(6) motion to dismiss, a court "must accept all well pleaded allegations in the complaint as true and view them in the light most favorable to plaintiff." *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir.), *cert. denied*, 474 U.S. 935 (1985). *See also Langford v. City of Atl. City*, 235 F.3d 845, 847 (3d Cir. 2000); *Oran v. Stafford*, 226 F.3d 275, 279 (3d Cir. 2000). The court may dismiss a complaint only if the plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). *See also Ford v. Schering-Plough Corp.*, 145 F.3d 601, 604 (3d Cir. 1998), *cert. denied*, 525 U.S. 1093 (1999).

### B. Whether Defendants' Motion to Dismiss the Amended Complaint Should be Granted

#### 1. The Applicable Law Concerning the Right to Privacy

In deciding Defendants' first motion to dismiss, the Court discussed the law protecting individuals from the disclosure of personal matters. As the Court noted in that decision, the Third Circuit Court of Appeals "[has] previously explained that there is no absolute protection against disclosure." *Fraternal Order of Police, Lodge No. 5 v. City of Phila.*, 812 F.2d 105, 110 (3d Cir. 1987). "Disclosure may be required if the government interest in disclosure outweighs the individual's privacy interest." *Id.* (citing *Trade Waste Mgmt. Ass'n, Inc. v. Hughey*, 780 F.2d

221, 234 (3d Cir. 1985); *U.S. v. Westinghouse Elec. Corp.*, 638 F.2d 570, 577 (3d Cir. 1980)).

To determine whether a particular intrusion into an individual's privacy is justified, "'[a court] must engage in the delicate task of weighing competing interests.'" *See id.* (quoting *Westinghouse*, 638 F.2d at 578). Factors that the court should consider include: (1) the type of record requested; (2) the information it does or might contain; (3) the potential for harm in any subsequent nonconsensual disclosure; (4) the injury from disclosure to the relationship in which the record was generated; (5) the adequacy of safeguards to prevent unauthorized disclosure; (6) the degree of need for access; and (7) whether there is an express statutory mandate, articulated public policy, or other recognizable public interest militating toward access. *Id.* (citing *Westinghouse*, 638 F.2d at 578).

2.  **Plaintiffs' Claims**

In deciding Defendants' first motion to dismiss, the Court observed that Plaintiffs did not challenge the constitutionality of the previous system of making FDSs publicly available in paper form. *Price*, 2006 WL 2252208, at *5. Plaintiffs instead claimed that the publication of that information online, by that fact alone, was unconstitutional because the new practice implicated the competing interests of the relevant parties differently. *Id.* The Court explained that in order to establish the unconstitutionality of the new disclosure system, Plaintiffs were required to allege facts identifying the differences between the prior disclosure system and the new online system. *Id.* The Court observed that "[t]he only difference they allege, however, is that the new disclosure system will 'put [them] at risk' by placing that information in the 'free and open world of the internet' because 'anyone that can operate a computer and explore the internet' can then access that information." *Id.* The Court found these allegations to be insufficient to adequately state a privacy claim. *Id.* at *5-6. The Court noted, for example, that there were no allegations that the online system involves the disclosure of any more information than the previous disclosure system, or that the safeguards protecting Plaintiffs' privacy are any less effective than

4

those of the earlier system.  *Id.* at *5.  The Court further noted that there were no allegations that the former disclosure system was as effective in achieving the State's interest – informing the public of conflicts of interest and deterring corruption – as posting the FDS information online. *Id.*  The Court dismissed Plaintiffs' privacy claims, but permitted Plaintiffs to amend the Complaint to add further allegations.  *See id.* at *6.

Although Plaintiffs have included additional allegations in the Amended Complaint, those allegations do not cure the deficiencies that the Court identified in its initial dismissal of Plaintiffs' privacy claims.  Plaintiffs allege that "[u]nder the previous system the FDSs were available through the Open Public Records Act," or "OPRA", N.J. Stat. Ann. 47:1A-7 et seq. (Am. Compl. ¶ 13.)  According to Plaintiffs, "[t]he OPRA requires persons requesting public records to complete a form that includes listing the requester's name, address and telephone number." (*Id.* ¶ 14.)  Plaintiffs allege that "[u]nder OPRA, an anonymous request for information is allowed under certain circumstances," but that "anonymous requests for personal information are not honored." (*Id.* ¶ 15.)  "A records request under OPRA also requires the requester to certify whether or not the requester has '[] been convicted of any indictable offense under the laws of New Jersey, any other state, or the United States.'" (*Id.* ¶ 16.)

Plaintiffs allege that, in contrast, the new online publication rule "allow[s] any anonymous individual to access the personal information contained in the Plaintiffs' FDSs without any of the precautions specifically addressed in OPRA . . . ." (*Id.* ¶ 18.)  Plaintiffs claim that, "[b]y exposing the Plaintiffs' private financial information to anyone that can operate a computer and explore the internet, . . . Plaintiffs will be put at risk because their financial information will be made available to anonymous individuals who may be retrieving the information for their own financial gain or to pry into the Plaintiffs' personal affairs." (*Id.* ¶¶ 20-21.)  According to Plaintiffs, "[n]one of the safeguards that are allegedly afforded to the Plaintiffs by the Defendants['] alleged method of redacting addresses and any reference to social security numbers or account numbers protects against anonymous individuals from learning the

financial histories and liabilities of the Plaintiffs." (*Id.* ¶ 24.)

Once again, Plaintiffs do not challenge the constitutionality of the previous disclosure system, which made the information contained in FDS forms publicly available. Although they allege that the previous system required the name, address, and telephone number of the party requesting FDS information, Plaintiffs have not alleged that such safeguards were more effective than those for the online system of disclosure. (*See id.* ¶¶ 14-15.) There is no allegation, for example, that under the previous system, a party requesting FDS information could not simply share it with others who did not provide their names and contact information. (*See id.*) Moreover, Plaintiffs allege that even under the previous system, a person could request information contained in the FDSs anonymously under certain circumstances. (*See id.* ¶ 15.) In challenging the new online disclosure rule, Plaintiffs claim that it lacks safeguards to "protect[] against anonymous individuals from learning the financial histories and liabilities of the Plaintiffs." (*Id.* ¶ 24.) According to Plaintiffs' own allegations in the Amended Complaint, however, such information was already accessible to anonymous individuals, either directly or indirectly, pursuant to the previous system. (*See* ¶¶ 13-16.) As the Court already explained in dismissing the Complaint, the online publication of such publicly available information, where the public availability of that information is not being challenged, does not give rise to a valid claim. In their Amended Complaint, Plaintiffs again fail to allege facts that would support finding the online publication rule to be unconstitutional, and their claims should therefore be dismissed.

### III. CONCLUSION

For these reasons, the Court concludes that Plaintiffs have failed to state a claim upon which relief can be granted. The Court will therefore grant Defendants' motion to dismiss the Amended Complaint.

Dated:   March 2, 2007

                                                          s/ Garrett E. Brown, Jr.
                                               GARRETT E. BROWN, JR., U.S.D.J.